IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PEAK PROPERTY AND CASUALTY INSURANCE CORP., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MARIA SEVILLA, *et al.* | ) ) ) |
| Defendants. | ) |

CIV. ACT. NO. 1:23-cv-117-TFM-MU

## ORDER

Pending before the Court is the Plaintiff's *Voluntary Notice of Dismissal* to dismiss Defendant the Estate of Perry Adrian Cole pursuant to Fed. R. Civ. P. 41(a) (Doc. 10, filed 5/18/23). The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss an action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2).

The Court has the authority to dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting

all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

In *Rosell v. VMSB, LLC*, the Eleventh Circuit reiterated the point that this Court has long adhered to – that is, Rule 41(a) allows a district court to dismissal claims against a particular defendant because "an 'action' can refer to all claims against one party. ___ F.4th ___, ___ n. 2, 2023 U.S. App. LEXIS 11696, at *4 n. 2, 2023 WL 3398509 (11th Cir. May 12, 2023) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004)).

The Court now turns to the specific defendant identified in the body of this notice of dismissal. Plaintiff indicates it wishes to dismiss Defendant Estate of Perry Adrian Cole. Plaintiff states only that the dismissal is pursuant to Fed. R. Civ. P. 41(a) and does not specify whether it intends to dismiss Defendant Estate of Perry Adrian Cole pursuant to 41(a)(1) or 41(a)(2).

In this particular situation the main difference is whether the document is immediate and self-effectuating which is the case under Rule 41(a)(1). *See Estate of West v. Smith*, 9 F.4th 1361, 1367-1368 (11th Cir. 2021) (noting that a Rule 41(a)(1) is a self-executing rule that is effective immediately, that any court order is a nullity, and divests the Court of jurisdiction.). Whereas Rule 41(a)(2) requires Court review and an approval.

The Court finds that dismissal appears to be proper under 41(a)(1)(A)(i), given that the Estate of Perry Adrian Cole has not yet appeared, let alone served an answer or motion for summary judgment. However, the Court finds that even if 41(a)(1)(A)(i) does not apply, the notice of dismissal may be construed as a motion to dismiss, and dismissal is proper pursuant to 41(a)(2).

## CONCLUSION

Therefore, Defendant Estate of Perry Adrian Cole is **DISMISSED without prejudice** with each party to bear their own attorney's fees and costs.

This case remains pending against the remaining Defendants.

**DONE** and **ORDERED** this the 18th day of May 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE
