**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| **PEAK PROPERTY AND CASUALTY** | ) | |
| **INSURANCE CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:23-cv-117-TFM-MU** |
| | ) | |
| **MARIA SEVILLA,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND DEFAULT JUDGMENT**</u>

Pending before the Court is Plaintiff's *Motion for Default Judgment* (Doc. 77, filed 5/15/25) against Defendant Maria Sevilla.  For the reasons stated below, the motion is **GRANTED**.

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism for default judgments.  Specifically, Rule 55 establishes a two-part process for obtaining a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk [of court] must enter the party's default."  FED. R. CIV. P. 55(a).  After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default judgment.  FED. R. CIV. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  FED. R. CIV. P. 55(b)(2).  Once a party applies for a default judgment, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*.  Accordingly, simply because a defendant is in default under Rule 55(a) does not mean the plaintiff is automatically entitled to a default judgment under Rule 55(b).  *See generally* 10A Charles Alan Wright, Arthur R. Miller, &

Mary Kay Kane, *Federal Practice & Procedure* § 2685 (4th ed. 2016). Additionally, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Worldwide Web Sys.* and holding same). The Eleventh Circuit states default judgments are "a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (quoting M*itchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (internal quotations omitted).

While the entry of default is a necessary condition for obtaining a default judgment, it is not sufficient. "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but instead "a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.'" *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). In all other cases, the Court "may conduct hearings" to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." FED. R. CIV. P. 55(b)(2)(A)-(D). Though the language indicates a hearing is not a "per se requirement," Eleventh Circuit precedent indicates that evidentiary hearings "are required in all but limited circumstances." *SEC v. Smythe*, 420 F.3d 1225, 1231-32 n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-

47 (11th Cir. 2017) (citing Rule and *Smythe*).

After default was entered and the motion for default judgment filed, the Court set a virtual hearing and notified the Defendant Maria Sevilla of the hearing date and her deadline to respond to the motion. *See* Doc. 78. The Court also warned the Defendant Maria Sevilla that failure to respond and/or appear could constitute a waiver of her rights to defend themselves in this lawsuit. *See id.* Heedless of the warning, Defendant Maria Sevilla failed to respond or attend the hearing on June 24, 2025 despite seeming having received a copy of the order on May 27, 2025. *See* Doc. 79.

Therefore, having reviewed the complaint, the motion for default judgment, the memorandum in support of the motion, and the exhibits attached thereto, and in consideration of the entire record herein, this Court finds the following:

1.    Plaintiff issued an Alabama personal auto policy to Maria Sevilla, Policy Number 11406778587, with a policy period from December 14, 2021 to December 14, 2022, (the "Policy"). The Policy provided insurance coverage to one driver, Maria Sevilla, and one covered auto: a 2008 Nissan/Datsun Armada SE/LE. Doc. 77-3.

2.    On February 12, 2021, Maria Sevilla signed a Named Driver Exclusion Endorsement explicitly excluding coverage to vehicles operated by Defendants Jose Caracamo and Juana Sevilla. Doc. 77-4. This exclusion was in effect at the time of the accident on April 3, 2022.

3.    The Policy states:

**Notice of Car Accident or Loss**

In the event of a car accident or loss, prompt notice must be given to us. This must include the time, please and facts of the car accident or loss. Your name, address, the best way to contact you and any involved persons and witnesses must be provided. The information which you give to us must be truthful and accurate.

**Other Duties**

Any person claiming coverage under this policy must:

(1) Cooperate and assist us in any matter regarding a claim or lawsuit.

. . .

(5) Submit separately to recorded statements and exams under oath.  Provide sworn statements.  This must be done as often as we reasonably required.

Failure to perform or comply with any of these duties may result in the refusal of coverage, protection or a reduced loss payment.

Doc. 77-3.

4.    On April 3, 2022, a 2009 GMC Sierra vehicle owned by Patricia Juana Sevilla and operated by Jose Caracamo was involved in an eight-vehicle accident on U.S. Highway 331 in Walton County, Florida. Doc. 77-1.  The crash resulted in several injuries and a fatality.  *Id.*

5.    Jose Caracamo and Juana Sevilla are listed as "excluded drivers" on the Policy and the GMC Sierra involved in the crash is not listed as a covered vehicle under the Policy.  Doc. 77-3.

6.    On May 27, 2022, counsel for Plaintiff sent a letter by certified mail and email to Maria Sevilla's known addresses, requesting that she contact counsel for Plaintiff to schedule an examination under oath, pursuant to her duty to cooperate under the terms of the Policy.  Doc. 77-5.

7.    After receiving no response to the first letter, counsel for Plaintiff mailed and emailed a second letter to the insured, Maria Sevilla, on July 25, 2022 scheduling her examination under oath for August 10, 2022.  Doc. 77-6.

8.    Maria Sevilla did not appear for her scheduled examination under oath on August 10, 2022.

9.    On April 5, 2023, Plaintiff filed its Complaint against numerous Defendants, including Maria Sevilla.  *See* Doc. 1.  As set forth in the Complaint, Plaintiff sought declaratory judgment that it has not duty to defend or indemnify Maria Sevilla under the relevant insurance policy for any suit related to the accident that occurred on April 3, 2022.  The Clerk issued a Summons for Defendants the next day.

10.    Defendant Maria Sevilla was duly served with the Summons & Complaint on April 18, 2024. Doc. 49.

11.    Defendant Maria Sevilla failed to file a responsive pleading or otherwise appear in the instant action.

12.    On July 15, 2024, Plaintiff filed an application for the entry of default as to Maria Sevilla for which the Clerk of Court entered default on July 16, 2024.  *See* Docs. 55, 58.

13.    On May 5, 2025, the Court entered an order instructing Plaintiff to take action in the case by filing an appropriate motion under Fed. R. Civ. P. 55(b), paperwork dismissing the action pursuant to Fed. R. Civ. P. 41(a), or otherwise indicate how Plaintiff wished to proceed.  *See* Doc. 74.

14.    In response to the Court's order, Plaintiff filed its motion for default judgment and the exhibits attached thereto on May 15, 2025.  *See* Doc. 77.  The Court entered a briefing schedule and set a hearing for June 24, 2025.  *See* Doc. 78.

15.    Maria Sevilla did not file a response or appear at the hearing despite having been warned about the consequences of failing to do so.

16.    In the case at hand, since default has been entered, the factual allegations of the complaint are now deemed admitted.  *See Giovanno v. Fabec,* 804 F.3d 1361, 1366 (11th Cir. 2015) ("When a defendant defaults, he admits the plaintiff's well-pleaded allegations of fact." (internal

quotations marks and citation omitted)).  The facts in the Complaint support Plaintiff's claim for declaratory judgment.  Plaintiff does not seek damages, but rather a declaration that it has no duty to defend or indemnify Maria Sevilla under the insurance policy in place during the April 3, 2022 multiple vehicle accident described in the Complaint for any suit related to said accident.

17.     The Court finds that the motion for default judgment is well-taken and supported by sufficient evidence in addition to the factual allegations that have been deemed admitted.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's *Motion for Default Judgment* (Doc. 77) is **GRANTED**.  Default judgment on the requested declaratory judgment is entered in favor of Plaintiff and against Defendant Maria Sevilla.  Defendant Maria Sevillla is barred from bringing any and all future claims, demands, damages (compensatory or punitive), actions, causes of action, statutory actions, contractual benefits, or suits of any kind or nature whatsoever on account of the lawsuit which is described as *Peak Property and Casualty Insurance Corp. v. Maria Sevilla, et al.*, Civ. Act. No. 1:23-cv-117-TFM-MU (S.D. Ala.) and from making any future claims under Plaintiff Peak Property Insurance Corporation's policy of insurance, which was in effect during the April 3, 2022, accident which was the basis of the Plaintiff's Complaint (Doc. 1).

This entry of default judgment resolves all remaining matters in this case.  As there are no further issues to resolve, the Clerk of Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this 1st day of July 2025.

s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE